

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 16, 1959

Honorable James A. Turman
Executive Director
Texas Youth Council
Austin, Texas

Opinion No. WW-761

Re: Authority of the Comp-
troller to issue warrants
covering the cost of
foster home care for
children in the custody
of the Texas Youth Council.

Dear Dr. Turman:

You have requested the opinion of this office on the fol-
lowing questions:

"1. Can the Comptroller issue warrants covering
the cost of foster home care for children in the
custody of the Texas Youth Council, and presently
residing in institutions under its jurisdiction, in
accordance with existing statutory authority (Article
5143d) at the rates specified in House Bill 4, Article
II, Section 40, Acts of the 56th Legislature?

"2. In the creation of the Texas Youth Council
and the delegation of the administrative responsibil-
ities thereto, was it the legislative intent that
children in the Waco State Home be provided less, in
terms of foster care provisions, than the other five
institutions under this agency?

"3. If the answer to the above is in the affirma-
tive, can the Comptroller approve warrants covering
the cost of foster home care for children being cared
for presently in the Waco State Home?

"4. If your answer to the above is in the affirma-
tive, can the Comptroller approve warrants covering
the cost of foster home care for children presently
residing in foster homes at the rates specified in
House Bill 4, Article II, Section 40, Acts of the 56th
Legislature?"

As you have explained in your opinion request, Article 5143d, Vernon's Civil Statutes, enacted by the 55th Legislature in 1957, created the Texas Youth Council as successor to the State Youth Development Council and also placed under its jurisdiction the Corsicana State Home, the Waco State Home, and the Texas Blind, Deaf and Orphan School. Article 5143d, Sections 1,4(f), 8. Section 8 provides:

"The Texas Youth Council shall succeed to and be vested with all rights, powers, duties, facilities, personnel, records and appropriations, relating to the care, custody, and control of children, now held by (a) the State Youth Development Council, including the Gatesville State School for Boys, the Gainesville State School for Girls, and the Crockett State School for Negro Girls; (b) the Board for Texas State Hospitals and Special Schools in respect to the Corsicana State Home and Texas Blind, Deaf and Orphan Home; and (c) the Department of Public Welfare with respect to the Waco State Home."

Section 25 of Article 5143d reads in part as follows:

"(a) For the purpose of carrying out its duties, the Youth Council is authorized to make use of law enforcement, detention, supervisory, medical, educational, correctional, segregative, and other facilities, institutions and agencies within the state. When funds are available for the purpose, the Youth Council may enter into agreements with the appropriate private or public official for separate care and special treatment in existing institutions of persons subject to the control of the Youth Council."

We think this section is broad enough to encompass foster homes, including children's boarding homes, as those terms are used in child welfare work.

The current General Appropriation Act (Chapter 23, Article II, Section 40, Acts of the 56th Legislature, Third Called Session, 1959, at page 504) contains the following provision:

"Sec. 40. Foster Home Care. Pursuant to existing statutory authority, the Council may place children committed to its custody in approved foster homes and from the appropriations made in this Act for 'operating expenses' of the respective institutions under its jurisdiction may reimburse such approved foster homes at a reasonable rate not to exceed $1.50 per child per day; provided, however, that none of the moneys appropriated in this Act may be paid to any employee of the Texas

Youth Council for such foster home care, nor may any of the moneys appropriated in this Act be expended to any foster home in which any employee of said Youth Council has a financial interest. Any children placed in foster homes shall be deemed to have the same status of other children in the homes or institutions under the Youth Council, and shall continue to be wards and subject to the guardianship of the superintendent of such respective homes or institutions."

There are two requirements that are needed for the Comptroller to have authority to issue warrants. The Legislature must provide general statutory authority to accomplish a certain purpose and it must provide funds to pay for that purpose. Section 25 of Article 5143d provides the authority for the Youth Council to place children in its custody in foster homes and the above-quoted section in the General Appropriation Act provides the funds to accomplish this purpose. Therefore, the Legislature has given the Comptroller the authority to issue warrants covering the cost of foster home care for children in the custody of the Council.

Section 25 of Article 5143d does not set a limit on the rate of pay for foster home care, but the Appropriation Act provides that the rate shall not exceed $1.50 per child per day. An appropriation bill may contain provisions which detail, limit, or restrict the use of the funds, if the provisions are necessarily connected with and incidental to the appropriation and do not conflict with general legislation. Att'y Gen. Op. V-1254 (1951). The provision authorizing payment not to exceed $1.50 per child per day clearly is a valid provision with respect to foster care for children in all the institutions under the jurisdiction of the Council other than the Waco State Home. We shall consider whether it is valid with respect to the Waco State Home in answering your second question, which we restate:

"In the creation of the Texas Youth Council and the delegation of the administrative responsibilities thereto, was it the legislative intent that children in the Waco State Home be provided less, in terms of foster care provisions, than the other five institutions under this agency?"

Article 3259 of the Revised Civil Statutes, last amended in 1941, provides in essence that children committed to the Waco State Home may be placed in children's boarding homes at a reasonable rate not to exceed $1.00 per child per day, and also contains other conditions and restrictions on placement. If this general law provision has not been repealed or superseded by subsequent general legislation, the appropriation rider is invalid insofar as it attempts to raise the limit to $1.50 for care in boarding homes used by the Waco State Home.

Honorable James A. Turman, page 4 (WW-761)

It is our opinion that Section 25 of Article 5143d has superseded Article 3259 and that the $1.00 limit is therefore no longer in effect. Consequently, the $1.50 limitation in the Appropriation Act is fully applicable to the Waco State Home as well as to the other five institutions under the Youth Council.

Section 39 of Article 5143d expressly repeals conflicting laws to the extent of conflict. Even without an express provision for repeal, where a new statute embraces the subject of a former one and creates a new and independent system relative to the subject matter of the two statutes, it is construed as an implied repeal of the former statute, although there is nothing in the provisions of the two statutes which might not stand together if all of their terms were inserted in one act. Bryan v. Sundberg, 5 Tex. 418 (1849); Dallas Consol. Electric St. Ry. Co. v. State, 102 Tex. 570, 120 S.W. 997 (1909); Motor Inv. Co. v. City of Hamlin, 142 Tex. 486, 179 S.W.2d 278 (1944); 39 Tex.Jur., Statutes, § 80. Section 25 of Article 5143d is authority for foster home care for all institutions under the Council. It fixes no rate limit and leaves the Legislature free to do so each time it appropriates money for foster care. We think this scheme was intended to apply to all types of foster home care at all the institutions, including the Waco State Home. We answer your second question in the negative.

This answer to your second question makes a further answer to the other two questions unnecessary.

### SUMMARY

The Comptroller may issue warrants covering the cost of foster home care for children in the custody of the Texas Youth Council. It was the legislative intent, in the enactment of Section 25 of Article 5143d, Vernon's Civil Statutes, that the Waco State Home be on the same terms as other institutions under the Council in regard to foster home care provisions.

Yours very truly,

WILL WILSON
Attorney General of Texas

MKW:bh

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

Marvin H. Brown, Jr.
Cecil C. Cammack, Jr.
James P. Ryan

By Mary K. Wall

Mary K. Wall
Assistant

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Leonard Passmore